NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 7, 2012[*]
Decided March 9, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-3308

| | |
|---|---|
| KIRSHA BROWN-YOUNGER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 11 C 6071 |
| STATE OF ILLINOIS and CITY OF CHICAGO, | Robert W. Gettleman, |
| *Defendants-Appellees.* | *Judge*. |

## O R D E R

Kirsha Brown-Younger appeals the dismissal of her civil rights complaint against the State of Illinois and the Chicago Police Department for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). We affirm.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In her complaint, filed in part under 42 U.S.C. § 1983, Brown-Younger claimed that police, the State, the CIA, and the FBI were monitoring her behavior, organizing hate groups to attack her, and otherwise harassing her. The district court screened the complaint and dismissed it because Brown-Younger failed to name an individual defendant, specify how her rights were violated, or allege that any violation of her rights resulted from an official policy of the State of Illinois or the Chicago Police Department.

On appeal Brown-Younger rehashes the allegations of her complaint and argues that the district court abused its discretion by failing to serve process on the defendants and by dismissing the complaint without a hearing. But dismissal here was appropriate because a complaint must contain sufficient facts to state a claim that is plausible on its face, *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–50 (2009); *Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir. 2010); *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 510 (7th Cir. 2009); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Brown-Younger's implausible allegations—that state and federal officials are organizing hate groups to attack her, using various technologies to monitor her activities and thoughts, psychologically harassing her, and attempting to drive her to suicide and financial ruin—do not meet this standard.

**AFFIRMED**.